**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Gina F.,

       Plaintiff(s),

v.

Frank Bisignano,

       Defendant(s).

Case No. 2:22-cv-01077-NJK

**ORDER**

[Docket No. 23]

Pending before the Court is Plaintiff's counsel Marc Kalagian's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Docket No. 23. The Commissioner filed a response. Docket No. 24. Attorney Kalagian filed a supplement. Docket No. 25.[1]

The instant motion suffers from several deficiencies. As threshold matters, the motion has a number of errors, including representing that Attorney Kalagian seeks to recover only .08% in fees, when the number is actually 8%. *See, e.g.*, Docket No. 23 at 7.[2] The motion also appears to be incomplete, as it includes at least three bracketed references to the need to "[i]nsert [t]ext." *See, e.g., id.*

Additionally, the motion ignores the recent rulings by the undersigned that appear to be closely on point. By way of example, the motion relies on out-of-state rate determinations and the *Laffey* matrix, *see id.* at 8, 9-10, despite the undersigned's recent rejection of the same, *see Dina S. v. Bisignano*, 822 F. Supp. 3d 1126, 1132 & n.8 (D. Nev. 2026); *Allan G.*, 2026 WL 1361585,

---

[1] The pin-citations herein refer to the CMECF pagination, not the pagination native to the documents.

[2] As another example, the motion cites to a *Williams* case from the District of Arizona at "2025 WL 134282," *see* Docket No. 23 at 5, which is a faulty citation. The Court will not expend its scarce judicial resources identifying all of the errors in the motion, as counsel is expected to proof carefully his submissions before they are filed.

at *3 n.7 (D. Nev. May 14, 2026).[3]   While attorneys are free to raise arguments reasonably supported by the facts and the law, they also have a duty to acknowledge the Court's prior orders and explain why the previously-articulated reasoning should not apply to the pending motion.  *See Atlantis Enterps., Inc. v. Avon Prods., Inc.*, 2010 WL 11519593, at *3 (C.D. Cal. Jan. 14, 2010); *see also U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008) (litigants "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings").  The instant motion does not acknowledge the prior adverse rulings issued by the undersigned as to Attorney Kalagian's motions for fees in this exact context, nor does the motion provide meaningfully developed argument why the Court should not take the same course again in this case.

Accordingly, the Court **DENIES** without prejudice the pending motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  Any renewed request must be filed by July 13, 2026.

IT IS SO ORDERED

Dated: June 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Again, there are other examples, including the motion's discussion of the risks in social security cases on the whole rather than the risks for this specific case.  *See* Docket No. 23 at 13-14; *but see, e.g.*, *Dina S.*, 822 F. Supp. 3d at 1130 n.4.  The Court will not endeavor to catalogue herein all of the examples.